IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAVERICK MARKETING, LLC;<br>KEBUTH, INCORPORATED; KEITH B.<br>THOMAS; and, PATRICIA A. THOMAS,<br><br>Defendants. | 8:18CV00034<br><br>COMPLAINT |

Plaintiff United States of America ("United States"), files this Complaint, against Defendants Maverick Marketing, LLC ("Maverick Marketing") and Defendant Kebuth, Incorporated ("Kebuth") for assessments due and owing under the Tobacco Transition Payment Program, which was established by the Fair and Equitable Tobacco Reform Act of 2004, 7 U.S.C. §§ 518 *et seq.* This action is also brought against Defendants Keith B. Thomas and Patricia A. Thomas for their respective involvement with the Defendant entities.

## JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 15 U.S.C. § 714b(c).

2. Venue in this District is proper because Defendants are located in this District for purposes of 28 U.S.C. § 1391(b)(1), (c), and because a substantial part of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff is the United States of America on behalf on behalf of the Commodity Credit Corporation ("CCC") of the United States Department of Agriculture ("USDA"). The Department's Farm Service Agency administered the Fair and Equitable Tobacco Reform Act

of 2004 ("FETRA") on behalf of the CCC.  The Farm Service Agency is located at 1400 Independence Avenue, SW, Washington, D.C.  20250.

4.      Defendant  Maverick Marketing  was an importer  of cigars, pipe tobacco, and roll-your-own tobacco during fiscal years 2011 - 2014.  At all times relevant herein, this Defendant was a Limited Liability Company existing under Nebraska law with its principal place of business in Papillion, Nebraska.

5.      Defendant  Kebuth  was an importer  of cigars, pipe tobacco, and roll-your-own tobacco during fiscal years 2011 - 2014.  At all times relevant herein, this Defendant was a Nebraska corporation existing under Nebraska law with its principal place of business in Papillion, Nebraska.

6.      Defendant Keith B. Thomas acted as a manager, operator, representative of Defendants Maverick Marketing and Kebuth at all times relevant herein.  He was a shareholder in Kebuth and he is the spouse of Defendant Patricia A. Thomas.  They reside in the state of Nebraska, within the jurisdiction of this Court.

7.      Defendant Patricia A. Thomas was a member of Maverick Marketing and a shareholder of Kebuth at all times relevant herein.  She is the spouse of Defendant Keith B. Thomas and they reside in the state of Nebraska, within the jurisdiction of this Court.

## ASSESSMENTS UNDER FETRA

8.      From the 1930s through 2004, federal law regulated the production of American tobacco by setting quotas on how much tobacco could be grown and by guaranteeing a minimum price for what was grown. FETRA terminated these quota and price support programs and transitioned the American tobacco industry to a free market.  7 U.S.C. §§ 518-519a.

2

9.      To ease tobacco manufacturers' transition to a free market, FETRA provided eligible tobacco farmers with annual payments over ten years (fiscal years 2005–2014). 7 U.S.C. §§ 518a, 518b.  The Secretary of Agriculture, acting through the CCC, funded those payments by imposing assessments on manufacturers and importers of tobacco products during every quarter of the same ten-year period.  7 U.S.C. § 518d.

10.     To calculate these quarterly assessments, the CCC first projected the transition program costs for a particular year, 7 U.S.C. § 518d(b)(2), then it allocated those costs among each of six classes of tobacco products (e.g., cigarettes, cigars), 7 U.S.C. § 518d(c), and finally it divided each class's portion of the costs among the manufacturers and importers in that class according to their respective market shares of the gross domestic volume of that class of products.  7 U.S.C. § 518d(e), (f).

11.     Manufacturers and importers subject to FETRA were required to submit to the CCC information necessary to compute their respective shares of gross domestic volume for each class of tobacco products. 7 U.S.C. § 518d(h)(1), (h)(2).  If an entity knowingly failed to provide this information, or reported false information, it could be assessed a civil penalty of up to two percent of the value of the tobacco products it manufactured or imported during the fiscal year of the violation.  7 U.S.C. § 518d(h)(3).

12.     Assessment payments were due at the end of each quarter.  7 U.S.C. § 518d(d)(3)(A).  At least thirty days before the collection date, the CCC notified each manufacturer or importer of the amount of its assessment.  7 U.S.C. § 518d(d)(1), (d)(2).  The CCC assessed interest on any amounts not paid by the collection date. 7 C.F.R. § 1463.9(d).

13.     Manufacturers and importers could administratively challenge the amount of any assessment within 30 business days of receiving notice of the assessment.  7 U.S.C. § 518d(i). Judicial review is available after administrative remedies are exhausted.  7 U.S.C. § 518d(j).

## DEFENDANT MAVERICK MARKETING

14.     Maverick Marketing reported to the CCC that it imported cigars, pipe tobacco, and roll-your-own tobacco during fiscal years 2011 - 2014.

15.     The CCC imposed assessments on Maverick Marketing for each of the quarters it reported having imported tobacco products.

16.     Maverick Marketing has made only partial payments of its assessments.

17.     As of March 29, 2017, Maverick Marketing's outstanding balance, including late payment interest, was $341,108.38, all of which is currently delinquent.

18.     Maverick Marketing has never filed any administrative action challenging the CCC's assessments.

19.     Maverick Marketing has been dissolved for non-payment of taxes by the State of Nebraska.

## DEFENDANT KEBUTH

20.     Kebuth reported to the CCC that it imported cigars, pipe tobacco, and roll-your-own tobacco during fiscal years 2011 - 2014.

21.     The CCC imposed assessments on Kebuth for each of the quarters it reported having imported tobacco products.

22.     Kebuth made one payment to the CCC of $96,219.09 on August 6, 2014.  It has made no other payment, before or since.

23.     As of March 29, 2017, Kebuth's outstanding balance, including late payment interest, was $164,593.51, all of which is currently delinquent.

24.     Kebuth has never filed any administrative action challenging the CCC's assessments.

25.     Kebuth has been dissolved for non-payment of taxes by the State of Nebraska.

## DEFENDANTS KEITH B. THOMAS AND PATRICIA A. THOMAS

26.     Plaintiff alleges upon information and belief that Defendants Keith B. Thomas and Patricia A. Thomas have never had, and do not have now, a genuine and separate corporate existence from Defendant Kebuth.  Likewise, they have never had, and do not have now, a genuine and separate limited liability existence from Defendant Maverick Marketing.

27.     With respect to Plaintiff's claims, Defendants Keith B. Thomas and Patricia A. Thomas, as the alter ego of Defendants Kebuth and Maverick Marketing, have been conducting, managing, and controlling the affairs of Defendants Kebuth and Maverick Marketing, as if it were their own business.

## CLAIM ONE

28.     The United States of America incorporates paragraphs 1 through 27 as if set forth here in full.

29.     Defendant Maverick Marketing has violated 7 U.S.C. § 518d by failing to pay the full amounts of quarterly assessments under the Tobacco Transition Payment Program imposed upon by the CCC.

30.     Defendant Kebuth has violated 7 U.S.C. § 518d by failing to pay the full amounts of quarterly assessments under the Tobacco Transition Payment Program imposed upon by the CCC.

31.     Defendants Keith B. Thomas and Patricia A. Thomas acted as manager and/or operator and/or representative of Defendants Maverick Marketing and Kebuth.  Maverick Marketing and Kebuth were closely-held entities owned and/or controlled by Keith and Patricia Thomas and both entities have been dissolved for non-payment of taxes by the Secretary of State for Nebraska.

32.     Defendants Maverick Marketing and Kebuth have been dissolved and have no assets for which to repay CCC for the unpaid quarterly assessments under the Tobacco Transition Payment Program.

## PRAYER FOR RELIEF

Plaintiff, the United States of America, respectfully requests that this Court:

1.     Enter judgment in favor of the United States of America;

2.     Order the payment of all outstanding and delinquent amounts owed, as follows:

    a.   Against Maverick Marketing in the amount of $341,108.38, plus interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961, until paid in full; and

    b.   Against Kebuth in the amount of $164,593.51, plus interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961, until paid in full.

    c.   Against Keith B. Thomas and Patricia A. Thomas, in an amount to be determined, plus interest at the judgment rate of interest, until paid in full.

3.     Award the United States of America additional relief as the Court deems just and proper.

UNTIED STATES OF AMERICA, Plaintiff

ROBERT C. STUART
Acting United States Attorney
District of Nebraska


By:   s/ Robert L. Homan
      ROBERT L. HOMAN, #18580
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE  68102-1506
      Tel:  (402) 661-3700
      Fax:  (402) 661-3081
      Email:  robert.homan@usdoj.gov


## REQUEST FOR PLACE OF TRIAL

The United States hereby requests that trial of the above-entitled matter be held in the City of Omaha, Nebraska.


s/ Robert L. Homan
Assistant U.S. Attorney